# In the United States Court of Federal Claims
No. 20-605C
Filed: August 28, 2020

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * <br> **ELIZABETH PETERS,** <br> Plaintiff, <br> v. <br> **UNITED STATES,** <br> Defendant. <br> * * * * * * * * * * * * * * * * * * | **Pro Se** Plaintiff; Subject Matter Jurisdiction; Failure to State a Claim; Motion to Dismiss; Social Security. |

**Elizabeth Peters**, pro se, Bloomington, IL.

**Mariana T. Acevedo**, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her were **Robert E. Kirschman, Jr.**, Director, Commercial Litigation Branch, Civil Division and **Ethan P. Davis**, Acting Assistant Attorney General, Civil Division.

**O R D E R**

**HORN, J.**

**FINDINGS OF FACT**

This case comes to the court on defendant's motion to dismiss plaintiff's complaint pursuant to Rule 12(b) (2019) of the Rules of the United States Court of Federal Claims (RCFC) for lack of jurisdiction. Pro se plaintiff Elizabeth Peters filed a complaint in the United States Court of Federal Claims on May 11, 2020, alleging she was entitled to enforcement of a judgment of the United States District Court for the Central District of Illinois. According to plaintiff, "[t]he SSA [Social Security Administration] robbed plaintiff of earned social security income, $5,817.00," "because the SSA placed a wrongful conviction date in her social security record." Plaintiff also requests that an additional "$1,000.00 be added to the money-mandated judgment to cover the cost-of-living increases and court costs." According to her complaint, plaintiff was involved in a lawsuit previously in the "McLean County Illinois Court."[1] Plaintiff also asserts that she had filed

---

[1] Ms. Peters references a "McLean County Illinois Court transcript," but does not include such a transcript in her complaint. Nor is there an indication in the complaint or in the record before this court of a decision which ruled in plaintiff's favor from the Circuit Court of McLean County, Illinois. In her complaint before the United States District Court in the Central District of Illinois against "Social Security Administration, Bloomington, Il,

suit in the United States District Court for the Central District of Illinois. In the District Court, plaintiff alleged that the defendant had "placed a criminal conviction date in the plaintiff's social security record, which ceased three months of income" and that "the defendant refused to remove the wrongful conviction date to enable the plaintiff to receive social security income." In the case currently before this court, plaintiff asserts that "[e]ven though the defendant was provided a copy of the McLean County Illinois Court transcript, which states as such, this agency refused to remove this date" for over two years. Plaintiff alleges that defendant violated "federal law, R 37(e) [sic], which is electronically modifying the plaintiff's social security record by adding a conviction date causing the loss of income, $5,817.00." According to plaintiff in her complaint in this court, the United States District Court for the Central District of Illinois "ruled this as a wrongful conviction date, which the SSA refused to remove" and granted a default judgment "for $5,817.00 in the plaintiff's favor" on June 7, 2018.[2]

---

McFarland Mental Health Center, Springfield, Il.," dated November 6, 2017, Ms. Peters did not include any court transcripts, but referenced "a conviction date for a case that was 'dropped' by Judge Costigan, Eleventh Circuit Court, Bloomington Illinois, into my file in the SSA of Bloomington, Illinois" on April 13, 2017. Compl. at 2, Peters v. Soc. Sec. Admin., No. 1:17-cv-01494 (C.D. Ill. Nov 06, 2017). McLean County Circuit Court records reveal that plaintiff was charged with several criminal offenses, including resisting arrest and theft of leased property, on October 26, 2016. The People v. Peters, Case No. 2016CF001206 (Cir. Ct. McLean County, October 26, 2016). The United States Court of Appeals for the Seventh Circuit took judicial notice of "records from Peters's criminal prosecution" submitted by defendant and stated:

> These show that a state court found Peters unfit to stand trial for a criminal offense and ordered her to receive mental health treatment. Peters was then admitted to McFarland Mental Health Center and released almost four months later. As the defendants argue, she was therefore ineligible for social security benefits during her confinement at public expense. Indeed, in trying to quantify the amount of her missed benefits, Peters herself filed a letter from the Social Security Administration stating that she did not receive checks for May 2017 through July 2017 "because you were admitted to a mental institution." The Due Process Clause entitles people to hearings to resolve disputed issues of material fact that affect entitlement to public benefits or the exercise of discretion about them. But no such disputes have been identified, and there was no discretion to exercise: Peters was ineligible for benefits during the months in question, and no one is entitled to a hearing for the purpose of protesting the statutory criteria.

Peters v. Zhang, 803 F. App'x 957, 958 (7th Cir. 2020) (citations omitted).

[2] Throughout her complaint, Ms. Peters alleges, without documentation, that she had received a default judgment against the United States in the United States District Court for the Central District of Illinois "for $5,817.00 in the plaintiff's favor" on June 7, 2018. Apparently, the default judgment Ms. Peters references is an unpublished Order from the

2

The relevant portion of plaintiff's history and interactions with the federal courts on the issues raised in the action currently before this court are as follows: Ms. Peters filed suit in the United States District Court for the Central District of Illinois on November 6, 2017, alleging that defendants SSA and McFarland, a facility at which plaintiff was confined from April 2017 until July 2017, "reported false information to SSA, causing them to wrongfully withhold three months of social security payments." Peters v. Soc. Sec. Admin., 2018 WL 5928364, at *1 (C.D. Ill. Nov. 13, 2018); see also Peters v. Treanor, No. 17-CV-01494-JES-JEH, 2019 WL 3363529, at *1 (C.D. Ill. July 25, 2019), aff'd as modified sub nom. Peters v. Zhang, 803 F. App'x 957 (7th Cir. 2020).[3] According to the Order and Opinion issued by United States District Court for the Central District of Illinois on November 13, 2018:

> The Court entered default against McFarland on May 8, 2018. On August 7, 2018, in a text order denying Plaintiff's Motions for Offer of Proof and Writ, the Court instructed Plaintiff to show within fourteen days the basis for this Court's jurisdiction over SSA. Plaintiff failed to sufficiently allege grounds for such jurisdiction. Accordingly, the Court dismissed SSA from the case and granted default judgment against McFarland in a text order on August 29, 2018.

Peters v. Soc. Sec. Admin., 2018 WL 5928364, at *1 (internal citation omitted). In the November 13, 2018 Opinion and Order, the District Court indicated,

> [i]n a text order dated August 29, 2018, this Court granted default judgment against McFarland Mental Health Center ("McFarland") and noted that Plaintiff did not have a valid claim against the Social Security Administration ("SSA"). The SSA was dismissed in a text order dated September 4, 2018. On the same day, the court entered judgment against McFarland.

See id. (internal citations omitted). In response, defendant McFarland filed a motion to vacate the default judgment for lack of jurisdiction. See id. The District Court granted McFarland's motion to vacate judgment and voided the September 4, 2018 judgment against McFarland, finding that the default judgment against McFarland was entered "in

---

District Court, dated June 7, 2018, granting plaintiff's motion for final judgment and entitling her "to the specific relief she seeks from the Defendants, $5,700." Unpublished Order, Peters v. Soc. Sec. Admin., No. 1:17-cv-01494 (C.D. Ill. Jun. 7, 2018) (capitalization in original).

[3] Although Peters v. Zhang, 803 Fed. App'x 957, is the decision of the United States Court of Appeals for the Seventh Circuit, which is a direct appeal from the Central District of Illinois decision involving Ms. Peters, Ms. Peters had amended the complaint to change the defendants from the Social Security Administration and McFarland Mental Health Center to two employees of a state mental hospital, Zhihong Zhang and Kathleen Treanor. See Peters v. Treanor, 2019 WL 3363529, at *1.

3

error" because "the Court has no personal jurisdiction over McFarland because it is not a suable [sic] legal entity" and is an arm of the Illinois Department of Human Services, "a state entity immune from suit under the Eleventh Amendment." Id. After vacating the judgment against McFarland, the District Court gave plaintiff the opportunity "to amend her Complaint in order to attempt to correct the above-listed deficiencies," noting that the plaintiff's claim against a state entity was likely best addressed by the Illinois Court of Claims. See id. at 4. The court noted that "[a]ny claim for monetary damages from McFarland, IDHS, or their employees in their official capacities will be dismissed as barred by the Eleventh Amendment," but "monetary damages might be available in an individual-capacity suit against a specific employee" or against "individual employees of McFarland." Id. at *3,4.

In 2019, Ms. Peters filed her amended complaint in the United States District Court for the Central District of Illinois "against two individual employees of McFarland, whom she claims are responsible for her lost Social Security wages." Peters v. Treanor, 2019 WL 3363529, at *1. The United States District Court for the Central District of Illinois granted defendants' motion to dismiss for lack of jurisdiction and stated:

> While Plaintiff alleges that she did not receive Social Security benefits because of a clerical error involving the entry of a criminal conviction date into a Social Security database, the records attached to Defendants' motion clearly indicate (and Plaintiff does not dispute) that she was confined to McFarland from April 2017 until July 2017 as unfit to stand trial for a criminal charge. Plaintiff was not eligible to receive these benefits while she was confined at McFarland in connection with her criminal trial. As such, the relief she seeks in the Complaint is unavailable, even taking as true her assertions that Defendants entered false criminal convictions into a Social Security database.

Id. at *2 (internal citations omitted).

Ms. Peters then appealed the decision to the United States Court of Appeals for the Seventh Circuit, which affirmed the District Court's judgment, but clarified "that the dismissal is not jurisdictional." Peters v. Zhang, 803 F. App'x at 957. The Seventh Circuit explained:

> On appeal, Peters first argues that Zhang deprived her of due process because she wrongfully entered a "felony or admissions" date on her paperwork, causing the withholding of Peters's social security benefits. But the record forecloses this claim. In support of their motion to dismiss, the defendants submitted records from Peters's criminal prosecution. These public documents are an appropriate subject of judicial notice, and therefore the district court could consider them without converting the Rule 12 motion into a motion for summary judgment. These show that a state court found Peters unfit to stand trial for a criminal offense and ordered her to receive mental health treatment. Peters was then admitted to McFarland Mental

4

>  Health Center and released almost four months later. As the defendants argue, she was therefore ineligible for social security benefits during her confinement at public expense. Indeed, in trying to quantify the amount of her missed benefits, Peters herself filed a letter from the Social Security Administration stating that she did not receive checks for May 2017 through July 2017 "because you were admitted to a mental institution." The Due Process Clause entitles people to hearings to resolve disputed issues of material fact that affect entitlement to public benefits or the exercise of discretion about them. But no such disputes have been identified, and there was no discretion to exercise: Peters was ineligible for benefits during the months in question, and no one is entitled to a hearing for the purpose of protesting the statutory criteria. . . . Finally, because the judgment states that the dismissal is for lack of jurisdiction, which is, by definition, without prejudice, and we conclude instead that the complaint failed to state a claim, we MODIFY the judgment to be a dismissal on the merits, and therefore with prejudice. (The judgment does not preclude an otherwise proper suit in the Court of Claims, however.) As modified, the judgment is AFFIRMED.

Id. at 957-59 (citations omitted and capitalization in original).

On May 11, 2020, plaintiff filed a complaint in the United States Court of Federal Claims, seeking "the money-mandated relief of $5,817.00, which the SSA has refused to pay for three years." (citation omitted). According to plaintiff, "[t]his complaint is being presented to the Federal Claims Court,[4] because the plaintiff is unable to collect the judgment, $5,817.00, by the District Court on June 7, 2018." In this court, plaintiff asserts that "[t]he $5,817.00 is the earned social security income denied the plaintiff, because the SSA refused to remove the wrongful conviction date in violation of F.R.C.P. 37(e)." Plaintiff also alleges:

>  Even though State and Federal Courts have ruled this as a wrongly entered date, the SSA continues to ignore these rulings. Over three years, the plaintiff has asked for the cooperation of the SSA to resolve this matter by removing the conviction date in the social security database. The SSA's strategy of silence and delay led to the plaintiff submitting this complaint to the Federal Claims Court.

(capitalization in original and internal citations omitted).

On July 10, 2020, defendant filed a motion to dismiss plaintiff's complaint pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction, arguing "this Court lacks jurisdiction to consider Ms. Peters's complaint and cannot grant her the relief she seeks."

---

[4] Plaintiff continually refers to this court, the United States Court of Federal Claims, as the "Federal Claims Court" in her filings. The court leaves plaintiff's incorrect identification of this court in her quotations unchanged.

Defendant argues that plaintiff's social security claims are beyond the jurisdiction of this court because "[t]he social security statute is clear that challenges relating to social security benefits 'shall be brought in the district court of the United States for the judicial district in which plaintiff resides.'" (quoting 42 U.S.C § 405(g) and citing Marcus v. United States, 909 F.2d 1470, 1471 (Fed. Cir. 1990)).

On July 30, 2020, plaintiff filed a response to defendant's motion to dismiss. Plaintiff claims that defendant's counsel "has based her argument on a complaint that was ruled and concluded in the plaintiff's favor on September 4, 2018, by Chief Judge James E. Shadid, United States District Court for the Central District of Illinois." Plaintiff asserts that "[t]he opposing counsel is depriving the plaintiff of income by filing motions, which only delay the payment of a Federal Court Order, issued in 2017, and compounds this delays [sic] by attempting to retry a decided complaint, which ended with the Federal Court Order." (citing Williams v. Eaton, 443 F.2d 422 (10th Cir. 1971)) (capitalization in original). Although plaintiff does not raise the following issues in her complaint, she states in her July 30, 2020 submission, "[t]he defendant violated the plaintiff's First, Fifth, and Fourteenth Amendment rights, Due Process, Rule 36 (e), corruption of a social security record, ADA, and denied plaintiff's right to a Catholic Bible." Plaintiff now seeks "money-mandated relief" of "$7864.06," which includes "$5,817.00, plus an additional $1,047.06 for delays of three years, and cost of ongoing filings and court fees, which adds another $1,000.00," although, plaintiff asked for only $5,817.00 of damages in her complaint.

In defendant's reply,[5] defendant states:

> Ms. Peters fails to overcome our demonstration that her complaint does not purport to assert a claim that is based upon an express or implied-in-fact contract with the United States, or a money-mandating provision of law, as required by the Tucker Act. She seeks social security benefits, a claim which this Court does have jurisdiction to review.

Defendant also states, "this Court lacks jurisdiction to enforce or otherwise review decisions of Federal district courts." Finally, defendant argues, "[i]n any event, the Court lacks jurisdiction over the complaint because the judgment she seeks to enforce was not against the Social Security Administration or any other agency of the United States, but instead McFarland."[6]

---

[5] Defendant filed a motion to leave to file a reply out of time, which was opposed by the plaintiff. Nonetheless, in order to have full benefit of the briefing by both parties, the court granted the defendant's motion and the reply brief was filed.

[6] Also on August 20, 2020, plaintiff filed a motion for entry of final judgment. With this Order, that motion is now moot.

**DISCUSSION**

The court recognizes that plaintiff is proceeding pro se. When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, a pro se plaintiff is entitled to a more liberal construction of the pro se plaintiff's pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977); Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014); Diamond v. United States, 115 Fed. Cl. 516, 524 (2014), aff'd, 603 F. App'x 947 (Fed. Cir.), cert. denied, 575 U.S. 985 (2015). However, "there is no 'duty [on the part] of the trial court . . . to create a claim which [plaintiff] has not spelled out in his [or her] pleading . . . .'" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. Appx 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9; and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Pauly v. United States, 142 Fed. Cl. 157 (2019); Golden v. United States, 129 Fed. Cl. 630, 637 (2016); Shelkofsky v. United States, 119 Fed. Cl. 133, 139 (2014) ("[W]hile the court may excuse ambiguities in a pro se plaintiff's complaint, the court 'does not excuse [a complaint's] failures.'" (quoting Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995))); Harris v. United States, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting Minehan v. United States, 75 Fed. Cl. at 253)).

"Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir.) (citing Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998)), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. denied, 545 U.S. 1127 (2005); Gonzalez v. Thaler, 565 U.S. 134, 141 (2012); see also Int'l Elec. Tech. Corp. v. Hughes Aircraft Co., 476 F.3d 1329, 1330 (Fed. Cir. 2007). The Tucker Act, 28 U.S.C. § 1491 (2018), grants jurisdiction to this court as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289-90 (2009); see also United States v. Mitchell, 463 U.S. 206, 216 (1983); Alvarado Hosp., LLC v. Price, 868 F.3d 983, 991 (Fed. Cir. 2017); Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999). "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." United States v. Mitchell, 463 U.S. at 216; see also United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); N.Y. & Presbyterian Hosp. v. United States, 881 F.3d 877, 881 (Fed. Cir. 2018); Smith v. United States, 709 F.3d 1114, 1116 (Fed. Cir.), cert. denied, 571 U.S. 945 (2013); RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("[P]laintiff must . . . identify a substantive source of law that creates the right to recovery of money damages against the United States."); Golden v. United States, 118 Fed. Cl. 764, 768 (2014). In Ontario Power Generation, Inc. v. United States, the United States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The Ontario Power Generation, Inc. court wrote:

> The underlying monetary claims are of three types. . . . First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver. . . . Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." Eastport S.S. [Corp. v. United States, 178 Ct. Cl. 599, 605-06,] 372 F.2d [1002,] 1007-08 [(1967)] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket'" (quoting Clapp v. United States, 127 Ct. Cl. 505, 117 F. Supp. 576, 580 (1954)) . . . . Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." Eastport S.S., 372 F.2d at 1007. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." Id.; see also [United States v. Testan, 424 U.S. [392,] 401-02 [1976] ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim-whether it be the Constitution, a statute, or a regulation-does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself . . . can fairly be interpreted as mandating compensation by the Federal Government for the damage

8

sustained.'" (quoting Eastport S.S., 372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute.

Ont. Power Generation, Inc. v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); see also Samish Indian Nation v. United States, 419 F.3d 1355, 1364 (Fed. Cir. 2005); Twp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 106 (2012).

To prove that a statute or regulation is money-mandating, a plaintiff must demonstrate that an independent source of substantive law relied upon "'can fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. at 290 (quoting United States v. Testan, 424 U.S. at 400); see also United States v. White Mountain Apache Tribe, 537 U.S. at 472; United States v. Mitchell, 463 U.S. at 217; Blueport Co., LLC v. United States, 533 F.3d 1374, 1383 (Fed. Cir. 2008), cert. denied, 555 U.S. 1153 (2009). The source of law granting monetary relief must be distinct from the Tucker Act itself. See United States v. Navajo Nation, 556 U.S. at 290 (The Tucker Act does not create "substantive rights; [it is simply a] jurisdictional provision[] that operate[s] to waive sovereign immunity for claims premised on other sources of law (*e.g.*, statutes or contracts)."). "'If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction.'" Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting Greenlee Cnty., Ariz. v. United States, 487 F.3d at 876); see also N.Y. & Presbyterian Hosp., 881 F.3d at 881; Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (noting that the absence of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act"); Price v. United States, 133 Fed. Cl. 128, 130 (2017); Peoples v. United States, 87 Fed. Cl. 553, 565-66 (2009).

In Maine Community Health Options v. United States, 140 S. Ct. 1308 (2020), the United States Supreme Court described the test for determining whether a statute waives sovereign immunity, as follows:

> To determine whether a statutory claim falls within the Tucker Act's immunity waiver, we typically employ a "fair interpretation" test. A statute creates a "right capable of grounding a claim within the waiver of sovereign immunity if, but only if, it 'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" United States v. White Mountain Apache Tribe, 537 U.S. 475, 472, 123 S. Ct. 1126, 155 L. Ed. 2d 40 (2003) (quoting Mitchell, 463 U.S. at 217, 103 S. Ct. 2961); see also Navajo Nation, 556 U.S. at 290, 129 S. Ct. 1547 ("The other source of law need not *explicitly* provide that the right or duty it creates is enforceable through a suit for damages"). Satisfying this rubric is generally both necessary and sufficient to permit a Tucker Act suit for damages in the Court of Federal Claims. White Mountain Apache, 537 U.S. at 472–473, 123 S. Ct. 1126.

9

Maine Cmty. Health Options v. United States, 140 S. Ct. at 1328 (emphasis in original; footnote omitted).

When deciding a case based on a lack of subject-matter jurisdiction or for failure to state a claim, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Erickson v. Pardus, 551 U.S. at 94 ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 n.1 (2002)))); see also Frankel v. United States, 842 F.3d 1246, 1249 (Fed. Cir. 2016) ("In deciding a motion to dismiss, a court is required to accept as true all factual allegations pleaded." (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009))); Fid. & Guar. Ins. Underwriters, Inc. v. United States, 805 F.3d 1082, 1084 (Fed. Cir. 2015); Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

"Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). Moreover, plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2020); Fed. R. Civ. P. 8(a)(1), (2); see also Ashcroft v. Iqbal, 556 U.S. at 677-78 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555-57, 570). To properly state a claim for relief, "[c]onclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see also Am. Bankers Ass'n v. United States, 932 F.3d 1375, 1380 (Fed. Cir. 2019) ("To avoid dismissal under RCFC 12(b)(6) [for failure to state a claim], a plaintiff 'must allege facts "plausibly suggesting (not merely consistent with)" a showing of entitlement to relief.'" (quoting Acceptance Ins. Cos., Inc. v. United States, 583 F.3d 849, 853 (Fed. Cir. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 557))); McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1363 n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. Wright and A. Miller, Federal Practice and Procedure § 1286 (3d ed. 2004)); Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir. 1981) ("[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss."), aff'd, 460 U.S. 325 (1983). "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" Three Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555), aff'd, 562 F. App'x 964 (Fed. Cir.), reh'g denied (Fed. Cir. 2014). As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S. at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555).

As described above, Ms. Peters argues that defendant entered a wrongful conviction date into her electronic social security record, resulting in three months of withheld social security income. Ms. Peters bases her claims on an alleged default judgment she allegedly obtained from the United States District Court for the Central District of Illinois. Court records, however, reveal that the alleged default judgment Ms. Peters seeks to enforce against the United States by the United States District Court for the Central District of Illinois on September 4, 2018 was later vacated on November 13, 2018 by the same court. See Peters v. Soc. Sec. Admin., 2018 WL 5928364, at *1; see also Peters v. Treanor, 2019 WL 3363529, at *1. Nonetheless plaintiff still argues in her complaint in the above-captioned case that the defendant "continues to ignore these rulings" and has "refused all written and oral requests to pay the money-mandated judgment." To the extent that Ms. Peters is attempting to enforce a United States District Court decision against the United States, the judgment was later vacated, and no valid default judgment has been entered against the United States in the United States District Court for the Central District of Illinois, which, in fact, dismissed plaintiff's case on July 25, 2019. See Peters v. Treanor, 2019 WL 3363529, at *3; see also Peters v. Soc. Sec. Admin., 2018 WL 5928364, at *1; Unpublished Order, Peters v. Soc. Sec. Admin., No. 1:17-cv-01494 (C.D. Ill. Sept. 4, 2018). As also noted above, the United States District Court for the Central District of Illinois' decision vacating the default judgment by the Central District of Illinois was then affirmed by the United States Court of Appeals for the Seventh Circuit, which modified the judgment to dismiss the case against Mr. Zhang and Ms. Treanor, with prejudice. Peters v. Zhang, 803 F. App'x at 959; see also Peters v. Soc. Sec. Admin., 2018 WL 5928364, at *1 (stating that "[t]he judgment does not preclude an otherwise proper suit in the Court of Claims").

Because Ms. Peters is asking this court to enforce a decision of a Federal District Court, and the United States Court of Federal Claims does not have jurisdiction to review a Federal District Court decision, her claim must fail in this court. "Binding precedent establishes that the Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court." Shinnecock Indian Nation v. United States, 782 F.3d 1345, 1352 (Fed. Cir. 2015) (citing Allustiarte v. United States, 256 F.3d 1349, 1352 (Fed. Cir.), cert. denied, 534 U.S. 1042 (2001)); see also 28 U.S.C. § 1291 (2018) ("The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . . except where a direct review may be had in the Supreme Court."); Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994); see also Kenyon v. United States, 127 Fed. Cl. 767, 774 (2016), aff'd, 683 F. App'x 945 (Fed. Cir. 2017) (citing Joshua v. United States, 17 F.3d at 380)).

In her complaint, Ms. Peters also argues that this court "has subject-matter jurisdiction over the United States Social Security Administration (SSA) because it is an independent agency of the U.S. federal government and is responsible for administering the social insurance program of retirement, disability, and survivor's benefits." Ms. Peters alleges that "[t]his violation of federal law is the subject-matter jurisdiction of the Federal Claims Court to hear this complaint because the plaintiff's social security income is a benefit under the *Social Security Act § 1331*." (emphasis in original). The United States

Court of Federal Claims, however, does not have jurisdiction over claims arising under the Social Security Act. See Marcus v. United States, 909 F.2d at 1471 (holding "that the Claims Court has no jurisdiction under the Tucker Act over claims to social security benefits." (internal citation omitted)); Hester v. United States, 136 Fed. Cl. 623, 627 (2018) (citing 42 U.S.C. § 405); Addams-More v. United States, 81 Fed. Cl. 312, 315, aff'd, 296 F. App'x 45 (Fed. Cir. 2008) (citing Marcus v. United States, 909 F.2d at 1471); Jackson v. United States, 80 Fed. Cl. 560, 564 (2008), appeal filed, No. 08-5060 (Fed. Cir. Mar 26, 2008) ; see also 28 U.S.C. § 1491(a)(1). A Judge of the United States Court of Federal Claims has written, "[t]his Court has long recognized that it does not possess jurisdiction to entertain" Social Security Act claims. Ross v. United States, 122 Fed. Cl. 343, 347 (citing Marcus v. United States, 909 F.2d at 1471), appeal dismissed, No. 15-5121 (Fed. Circ. 2015). The Social Security Act specifically mandates that claims relating to social security benefits must "be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia." 42 U.S.C. § 405 (2018); see also Treece v. United States, 96 Fed. Cl. 226, 230 (2010); Ross v. United States, 122 Fed. Cl. at 348 ("Where the adjudication of a type of claim has been granted to the district courts exclusively, this Court has no jurisdiction to hear the case and must dismiss the matter." (citing Del Rio v. United States, 87 Fed. Cl. 536, 540-41 (2009))). Accordingly, Ms. Peters' claims against the United States regarding her claim for social security benefits are dismissed for lack of subject matter jurisdiction.

Finally, the court notes that Ms. Peters has a long and litigious history in federal courts. Ms. Peters previously filed a complaint in this court.[7] Over the past seven years, Ms. Peters has apparently presented fourteen court filings against the Social Security Administration, various federal and state officials, and against private entities. See, e.g., Peters v. Sloan, 762 F. App'x 344, 345 (7th Cir.) (affirming the United States District Court for the Central District of Illinois' dismissal of plaintiff's claim against bankers involved in the foreclosure of her home for lack of personal jurisdiction, improper venue, and failure to state a claim), reh'g and reh'g en banc denied (7th Cir. 2019); Unpublished Order, Peters v. Ricketts, No. 1:19-cv-01273 (C.D. Ill. Sept. 11, 2019) (dismissing plaintiff's pro se complaint alleging that a store manager violated the Service Animal Access Act "by 'verbally attack[ing] the plaintiff as irresponsible with a service dog' and 'pull[ing] the dog's fur'" and for violations of the Occupational Safety and Health Administration regulations

---

[7] In fact, plaintiff's complaint in the above-captioned case before the undersigned, initially, tried to use the prior case number and the prior Judge's name in the caption. See Peters v. United States, No. 20-247C, 2020 WL 2124396, at *1 (Fed. Cl. Apr. 30, 2020) (dismissing plaintiff's complaint "seeking review of a decision in a case she previously filed in the United States District Court for the Central District of Illinois" alleging "malfeasance by a sitting federal judge and parties to a case in federal district court" for lack of jurisdiction because plaintiff "failed to allege any grounds for this court to exercise jurisdiction" and "'the Court of Federal Claims has no jurisdiction to review the merits of a decision by a federal district court'") (quoting Shinnecock Indian Nation v. United States, 782 F.3d at 1352))

by failing "to clean the shopping carts immediately after use," and because plaintiff had "failed to pay the filing fee or submit a petition to proceed in forma pauperis") (internal references omitted); Peters v. Sloan, No. 18-CV-01236-JES-JEH, 2018 WL 5621854, at *1 (C.D. Ill. Oct. 30, 2018) (dismissing plaintiff's amended claim against bankers involved in the foreclosure of her home for lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted), aff'd, 762 F. App'x 344 (7th Cir. 2019); Peters v. Sloan, No. 18-CV-01236-JES-JEH, 2018 WL 10721123, at *1 (C.D. Ill. Sept. 12, 2018) (granting plaintiff's motion to amend judgment and amending the court's prior error by vacating the United States District Court for the Central District of Illinois' judgment against two parties involved in the foreclosure of plaintiff's home over whom the court lacked jurisdiction) (citing Fed. R. Civ. P. 59 (2018)); Peters v. Sloan, No. 118CV01236JESJEH, 2018 WL 4236368, at *2 (C.D. Ill. Aug. 29, 2018) (dismissing plaintiff's claim against private parties involved in the foreclosure of her home for lack of personal jurisdiction), vacated, No. 18-CV-01236-JES-JEH, 2018 WL 10721123 (C.D. Ill. Sept. 12, 2018); Peters v. Wells Fargo, No. 15-CV-4602 (WMW/FLN), 2016 WL 1222232, at *1 (D. Minn. Mar. 28, 2016) (adopting the report and recommendation from the United States District Court for the District of Minnesota and remanding plaintiff's complaint to the Iowa District Court for Dallas County); Peters v. Wells Fargo, No. CV 15-4602 (WMW/FLN), 2016 WL 1211798, at *1 (D. Minn. Mar. 8, 2016) (remanding plaintiff's claim to Iowa state court for improper venue and denying plaintiff's motion for a refund of the court filing fee), report and recommendation adopted, No. 15-CV-4602 (WMW/FLN), 2016 WL 1222232 (D. Minn. Mar. 28, 2016); Peters v. Wells Fargo, No. 4:16-CV-04002-LLP, 2016 WL 520984, at *2 (D.S.D. Feb. 5, 2016) (dismissing plaintiff's claim against bankers involved in the foreclosure of her home for improper venue and lack of jurisdiction), appeal dismissed, No. 16-1666 (8th Cir. Sept. 8, 2016); Unpublished Order, Peters v. Iowa State Patrol, No. 4:15-cv-00268 (S.D. Iowa Oct. 1, 2015) (remanding plaintiff's claim against an Iowa State Patrol officer to the Iowa District Court for Poweshiek County because "[p]laintiff fails to allege a sufficient basis for removal of the case involving her speeding ticket to federal court"); Peters v. Bray, No. 4:12-CV-582, 2013 WL 7137524, at *7 (S.D. Iowa Apr. 1, 2013) (dismissing plaintiff's claims against the Internal Revenue Service, Department of the Treasury, and private parties for lack of jurisdiction, failure to state a claim upon which relief can be granted, and insufficient service of process).

The court reminds Ms. Peters that litigation is serious business to be undertaken carefully and thoughtfully. As stated in a discussion included in a case issued by the United States Court of Appeals for the Federal Circuit: "This and other federal courts are funded by the taxpayers of this country to adjudicate genuine disputes, not to function as playgrounds for would-be lawyers or provide an emotional release for frustrated litigants." Constant v. United States, 929 F.2d 654, 659 (Fed. Cir.), cert. denied, 501 U.S. 1206 (1991). Further, "[w]here, as here, a party's argument flies in the teeth of the plain meaning of the statute and raises arguments with utterly no foundation in law or logic . . . the judicial process is abused and the funds provided by Congress via the taxpayers to the Justice Department are wasted." Abbs v. Principi, 237 F.3d 1342, 1351 (Fed. Cir. 2001); see also Aldridge v. United States, 67 Fed. Cl. 113, 123 (2005); McEnery v. Merit Sys. Protection Bd., 963 F.2d 1512, 1516 (Fed. Cir.) (claims "which have no hope of succeeding place an unnecessary and intolerable burden on judicial resources."), reh'g

denied (Fed. Cir. 1992). The court finds the complaint filed by Ms. Peters in this court is frivolous and instructs the Clerk's Office to reject further complaints related to the one currently before the court regarding adjudication of her social security benefits.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss plaintiff's complaint is **GRANTED**. Plaintiff's complaint is **DISMISSED**. The Clerk's Office shall enter **JUDGMENT** consistent with this Order.

**IT IS SO ORDERED.**

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**
